**The People of the State of Illinois, Defendant in Error, v. Jim Lewis, Plaintiff in Error.**

**Gen. No. 38,622.**

Opinion filed April 22, 1936.  Rehearing denied May 5, 1936.

ANDALMAN, SHAMBERG & TOPPER, of Chicago, for plaintiff in error; MAXWELL N. ANDALMAN, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error.; EDWARD E. WILSON, JOHN T. GALLAGHER and RICHARD H. DEVINE, Assistant State's Attorneys, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

Plaintiff in error is the defendant in the case entitled People of the State of Illinois v. Jim Lewis,

wherein the defendant is charged in an information filed on March 21, 1935, under oath, as follows:

"W. S. Smith informs the court that Jim Lewis on to-wit, March 20, 1935, at Chicago did then and there unlawfully sell the return portion of a non transferable New York Central Railroad ticket, Chicago to New York, form S-L. S. T. 20453 for $25.00; without having authority to do so by the owner or owners of the New York Central Railroad Co.; or without having a certificate of authority duly attested by the corporate seal of the owner of the said railroad company, or without having posted on exhibition, or without having exhibited to the complainant said certificate of his authority, to sell, as required in Chapter 114, Sections 105, 106, 107 and 108 of the Revised Statutes of Illinois, 1933, contrary to the statute in such case provided. (Signed) William S. Smith."

Upon a trial the jury returned a verdict of guilty, and the court, after overruling defendant's motions for a new trial and in arrest of judgment, entered a judgment on the verdict finding the defendant guilty and fixing his punishment at imprisonment for a period of 60 days in the House of Correction.

This court will first consider defendant's suggestion that the information, the basis of this action, charges more than one criminal offense in one paragraph and is objectionable on the ground of duplicity; and that the court erred in refusing to quash this information.

This statutory act appears as ch. 114 of the Ill. State Bar Stats. 1935, and the provisions of this act are stated in sec. 1, sec. 2, sec. 3 and sec. 4. The act is generally known as the Anti-Scalping Law of this State. The first section provides, substantially, that it shall be the duty of owners of any railroad for the transportation of passengers to provide their agents, who may be authorized by them to sell tickets, with a cer-

tificate setting forth the authority of such agent to make such sales.

Sec. 2 provides:

"That it shall not be lawful for any person not possessed of such authority, so evidenced, to sell, barter or transfer, for any consideration whatever, the whole or any part of any ticket or tickets, passes, or other evidences of the holder's title to travel on any railroad, or steamboat, whether the same be situated, operated or owned within or without the limits of this State." Ill. State Bar Stats. 1935, ch. 114, ¶ 175.

Sec. 3 provides the penalty for violation of sec. 2 of the Act.

We must have in mind that averments, however multifarious, will not constitute duplicity in an information when all the matters taken together constitute one connected charge. *People v. Israel,* 269 Ill. 284. Then again, in passing upon the question called to our attention, unnecessary words or averments will not cause a count to be bad in an information if there are sufficient averments to make the count good, disregarding the unnecessary averments as mere surplusage. *People v. Paisley,* 288 Ill. 310. We are of the opinion that the complaint in this case is in proper form to advise the defendant that he was charged with the crime of selling tickets and also that he did not have authority to do so under the act.

This court agrees with the defendant that an indictment or information which charges more than one offense in a paragraph or count thereof is void for duplicity. Such is the general rule, but in this case the information under discussion charges the defendant in clear language with the crime of selling railroad tickets and also that he did not have authority under the act to sell tickets, and applying the rule applicable to questions of this kind, we are unable to agree with defendant's counsel that the court erred in denying defendant's motion that the information be quashed.

Another question has been called to our attention, and that is, that the buyer of this railroad ticket is not named in the information. The gist of the charge is not that title was transferred, but that the defendant sold a ticket without being authorized as provided by statute.

In our opinion it is not necessary to set out in the information the name of the purchaser of the ticket. There are many authorities which hold that where a tavern is operated and alcoholic liquors sold without a license, the name of the purchaser of the liquor is not important, the question being whether the tavern is being operated for the purpose of selling *spiritus frumenti* without a license. Therefore, by analogy this rule is applicable to the instant case. The defendant is charged with selling a railroad ticket without the consent or authority of the railroad company, and to name the purchaser would be an unnecessary averment and add nothing to the certainty of the crime charged against the defendant.

The defendant contends that the prosecution was based upon acts of a witness who urged and instigated the perpetration of the offense, and that the accused, Lewis, would not have participated in the sale of the ticket except for the trickery, persuasion and fraud of the witnesses who appeared for the prosecution. Upon this question the Supreme Court of this State in a recent case entitled *People v. Ficke,* 343 Ill. 367, has clearly indicated the rule to be applied to questions of this kind in these words:

"It is not an instigation or solicitation to crime for an individual or an officer of the law, having reason to believe that another is or others are committing or intending to commit or conspiring to commit criminal offenses, to furnish an opportunity for the commission of the criminal offenses which the persons concerned are committing or intending to commit. If the purpose is, in good faith, to secure evidence against per-

176

sons guilty of crime and not to induce an innocent person to commit a crime, there is no merit in the claim that the person was entrapped into the commission of the crime and should therefore be relieved of criminal responsibility.'' Then again, the court referring to the case of *Dennis v. Dennis,* 68 Conn. 186, said: ''In the case last cited it is said that as to prosecutions for offenses not against individuals but against the public it is no defense to a prosecution for the illegal sale of intoxicating liquors that the sale was made to one who bought not for his own use but to aid in convicting the sellers. 'It is not the motive of the buyer but the conduct of the seller which is to be considered.' ''

The evidence in this case is that the defendant was conducting a ticket office in the Roanoke Tower, at 125 West Madison street, when the witness Smith called and inquired regarding the purchase of a ticket to New York. On March 16, 1935, the defendant exhibited a railroad ticket to William S. Smith, an investigator for the Railway Ticket Protective Bureau, which bureau represented the New York Central, Pennsylvania and B. & O. Railroads. The nature of the business carried on at that place was indicated by a sign with the words ''Roberts Ticket Agency'' thereon, and when the witness called at this office he said to the defendant, who was behind the counter, that he would like to go to New York on Thursday or Friday of the following week. The defendant did not have such ticket but exhibited a ticket for a return trip to New York that same day, which would indicate that the agency was selling railroad passenger tickets.

The evidence further shows that on March 20, when this same witness called again at the office, the defendant sold him a New York Central railroad return ticket for $25, and this evidence was corroborated by a witness who also testified he was an investigator for the

Railway Ticket Protective Bureau, and was present on the day the ticket was purchased at 125 West Madison street, which is the number of the Roanoke Tower. This the defendant denied and testified that he advised this witness Smith that he knew a man at the Planters Hotel who had a ticket he would like to dispose of, but that he, the defendant, said to him, "I didn't use tickets at all. I have a little trouble with it. I have been accused of it. I don't know that I have ever sold any," and the defendant further testified that Smith called and defendant told him he could have a ticket from this "fellow from the Planters Hotel who was standing there"; that defendant handed Smith the ticket and received $25, which he testified he gave to the man standing there, and that defendant did not receive any of the money.

These were facts for the jury, and the jury having passed upon them, it is not for this court to question the verdict, unless from all the facts and circumstances in the case there is a reasonable doubt as to the guilt of this defendant.

On the question of entrapment, among the other facts submitted to the jury was that of the sale of this ticket by the defendant to the witness Smith which was for the benefit of the person at the Planters Hotel who purchased it from an authorized agent, and no doubt the jury before returning its verdict took this fact into consideration. At the request of the defendant, the jury, upon the question of entrapment, was instructed that if they believed from the evidence the New York Central Railroad Co. by its agent did incite, instigate or persuade the defendant Lewis to do or perform things here complained of against him, then in that case, it was the duty of the jury to return a verdict finding the defendant not guilty. Therefore the defendant had the advantage of this instruction, and the

facts having been passed upon by the jury, we are of the opinion that the evidence establishes defendant's guilt beyond a reasonable doubt.

Since there is no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.